

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2005

# USA v. Nelson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4850

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Nelson" (2005). *2005 Decisions.* Paper 324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4850

UNITED STATES OF AMERICA

v.

DESMOND NELSON,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cr-00215)
District Judge:  Honorable James K. Gardner

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2005

Before:  RENDELL, FUENTES, and GARTH, Circuit Judges.

(Filed   October 28, 2005 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Desmond Nelson pled guilty to one count of felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 80 months in

prison.  As part of his guilty plea, Nelson waived his rights to appeal his sentence except

under limited circumstances. In this appeal, Nelson challenges the District Court's refusal to depart downward based on his contention that his criminal history over-represented his prior criminal record under section 4A1.3 of the U.S. Sentencing Guidelines Manual. He also argues that the application of U.S.S.G. § 2K2.1(a)(ii) to adjust his base offense level for two prior drug or violent felony convictions violated Blakely v. Washington. 542 U.S. 296 (2004). Although United States v. Booker, 125 S. Ct. 738 (2005), had not been decided at the time of briefing, we directed Nelson to comment on the applicability of Booker to his case. He responded by raising a Booker challenge, arguing that his sentence was improper because the District Court applied the Sentencing Guidelines on a mandatory, rather than merely advisory, basis, in a letter dated March 24, 2004 [sic]. We have jurisdiction to review Nelson's sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The events that form the basis for the underlying conviction occurred in October 2002, when Desmond Nelson was arrested by the police after a domestic argument during which he had pulled a gun from his waistband. Following up on the report of this incident, the police stopped the taxi in which Nelson was riding and found no weapon, but did recover a small amount of marijuana. Later, after obtaining a search warrant, they located a Ruger .357 magnum revolver in Nelson's lockbox. This event was the latest in a string of encounters by Nelson with the criminal justice system dating back to 1996, when, at age 16, he was adjudicated delinquent based upon attempted first degree robbery

2

and assault in the state of Delaware. Between 1996 and 2002, Nelson had been adjudicated delinquent as a juvenile on three separate occasions for possession of marijuana and unauthorized use of an automobile. Thereafter, he was arrested three times for controlled substance offenses, and twice for driving under the influence. He pled guilty to most of these offenses, which were interspersed with numerous failures to appear for court hearings.

The District Court had little difficulty determining that Nelson's criminal history category–which was Category VI–did not overstate his criminal history or the likelihood that he would commit further crimes. The District Court noted that the defendant's criminal history, as outlined in the Presentence Report, was "representative of an unbroken chain of criminal conduct by this defendant from the age of 16 on and is, thus, deserving of the assigned criminal history category." Tr. of Sentencing Hr'g 36, Dec. 17, 2003.

The appellate waiver provision of Nelson's plea agreement expressly exempted challenges to the District Court's denial of any motion for downward departure based on a claim that Nelson's criminal history category over-represented his prior criminal record. We conclude that this exception is broad enough to include a Booker challenge to the District Court's downward departure decision. In denying Nelson's request for a downward departure, the "District Court erred by treating the Guidelines as mandatory rather than advisory." United States v. Davis, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).

3

Under these circumstances, we presume that the District Court's error prejudiced the defendant, id. at 165, and will therefore vacate Nelson's sentence and remand for re-sentencing.

However, Nelson waived his rights to challenge the base offense level calculation except on limited grounds, and his Blakely claim does not fit within the scope of the challenges preserved. Accordingly, we have no jurisdiction to address this issue on appeal.[1] See United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005).

Because Nelson's Booker challenge to the District Court's ruling on the downward departure falls within one of the exceptions to the appellate waiver provision of his plea agreement, we will VACATE his sentence and REMAND for re-sentencing in light of Booker.

---

[1]This would not preclude the sentencing court, however, from revisiting this issue as part of re-sentencing on remand.